UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CECIL P. TASBY, | |
| Plaintiff, | Case No. C19-0637-JCC-MAT |
| v. | |
| DANIEL GREY, *et al.*, | REPORT AND RECOMMENDATION |
| Defendants. | |

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Cecil Tasby is currently confined at the Monroe Correctional Complex – Twin Rivers Unit ("MCC-TRU"). He has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's complaint, and the balance of the record, concludes that plaintiff has not adequately stated a claim for relief in this action. This Court therefore recommends that plaintiff's complaint and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DISCUSSION

Plaintiff submitted his civil rights complaint to the Court for filing on April 29, 2019. (*See* Dkt. 1.) Plaintiff alleged in his complaint that two MCC-TRU A-Unit officers, Daniel Grey and

REPORT AND RECOMMENDATION
PAGE - 1

Adrien Barnette, subjected him to constant harassment and leveled false allegations against him. (*See* Dkt. 4 at 3-8.) Plaintiff also appeared to claim that Officer Barnette retaliated against him for filing a staff misconduct complaint against her, and that Officer Barnette illegally removed items from his cell, including religious and sacred items. (*Id*. at 4-5.) Plaintiff asserted that the behavior of these two officers was unacceptable and unprofessional, and constituted an abuse of authority. (*See id*. at 3-6.) Plaintiff requested that these officers be removed from A-Unit where he is housed, and that they be held accountable for their actions. (*Id*. at 9.) He also requested that the officers be directed to take a sensitivity course, to follow all polices regarding retaliation and cell searches, and to respect inmates' property. (*Id*.)

After reviewing plaintiff's complaint, this Court determined that the pleading was deficient. Thus, on May 15, 2019, the Court issued an Order declining to serve plaintiff's complaint and granting him leave to amend. (Dkt. 5.) The Court explained therein that, to the extent plaintiff alleged defendants had harassed him by making false allegations against him, he had not adequately alleged a cause of action because he failed to make clear which of his civil rights was violated by the alleged harassment and what harm he suffered as a result of any alleged constitutional violations. (*Id*. at 3.)

The Court also explained that, to the extent plaintiff alleged Officer Barnette had retaliated against him, he failed to adequately state a claim for relief because he failed to set forth specific facts demonstrating that the alleged retaliatory conduct, which included a lengthy cell search, did not advance legitimate goals of the correctional facility. (*Id*.) Finally, the Court explained that plaintiff's apparent claim that Officer Barnette had deprived him of personal property when she illegally removed items from his cell was not cognizable in this action, and that his apparent claim that defendants violated his First Amendment right to freedom of religion was not supported by

REPORT AND RECOMMENDATION
PAGE - 2

sufficient facts. (*See id*. at 3-4.)

Plaintiff was granted thirty days within which to file an amended complaint correcting the noted deficiencies, and he was advised that his failure to do so would result in a recommendation that this action be dismissed. (*Id*. at 4.) To date plaintiff has filed no amended complaint.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff failed to state in his original pleading any claim upon which relief could be granted under § 1983, and because he failed to file an amended pleading correcting the deficiencies identified in the Court's Order declining to serve his original pleading, this action must be dismissed.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's complaint and this action be dismissed, without prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii). A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 9, 2019**.

REPORT AND RECOMMENDATION
PAGE - 3

DATED this 16th day of July, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4